ON PETITION FOR REFUND OF. BAIL BOND
SUGG, Justice.
Elizabeth Brown was convicted of grand larceny in the Circuit Court of the First Judicial District of Hinds County and sentenced to four years in the State Penitentiary. She was released pending her appeal on $3,000 appearance bond with Resolute Insurance Company as surety. Her case was affirmed on April 14, 1975. 311 So.2d 664 (Miss.1975).
Following affirmance of her case Elizabeth Brown did not surrender to the Sheriff of Hinds County and on December 22, 1975 final judgment was rendered against Eliza *1193 beth Brown and Resolute in the amount of $3,000 on forfeiture of her bond.
Resolute paid $3,000 to the Clerk of this Court which was transmitted to Hinds County. Resolute now petitions the Court for a refund of the $3,000 after deductions of accrued court costs and any other charges that the Court might hold the surety responsible for. Resolute seeks the refund under Mississippi Code Annotated section 83-39-7 (1972) which provides in part as follows:
In the event of a final judgment of forfeiture of any bail bond written under the provisions of this chapter, the amount of money so forfeited by the final judgment of the proper court, less all accrued court costs and excluding any interest charges or attorney’s fees, shall be refunded to the bail bondsman or his insurance company upon proper showing to the court as to which is entitled to same, provided the defendant in such cases is returned to the sheriff of the county to which the original bail bond was returnable within twelve (12) months of the date of such final judgment, . . . then the bond forfeiture shall be stayed and remission made upon petition to the court, in the amount found in the court’s discretion to be just and proper.
Elizabeth Brown was released from the custody of the Hinds County Sheriff’s Department to the custody of the Mississippi State Penitentiary on June 29, 1976 for the purpose of serving her sentence. She was either apprehended by or returned to the Sheriff of Hinds County within twelve months of the date of the final judgment on the forfeiture of the bond. Therefore, Resolute is entitled to a refund in an amount found in the Court’s discretion to be just and proper.
The record before us does not disclose the expenses, if any, incurred by Hinds County in apprehending Elizabeth Brown. In order to determine the amount to be remitted, it is necessary that a determination be made of the expenses incurred by Hinds County in apprehending Elizabeth Brown and the amount of unpaid court costs. We therefore certify to the Circuit Court of the First Judicial District of Hinds County for it to determine the amount of expenses incurred by Hinds County in apprehending Elizabeth Brown and all court costs including appellate costs which have not been paid by either Elizabeth Brown or Resolute. The Board of Supervisors of Hinds County shall be notified of the hearing which shall be conducted within sixty days from the date of this opinion. The Circuit Court of Hinds County shall certify its finding of fact and the record made thereon to this Court following the hearing. The board of supervisors and Resolute may, in lieu of the hearing, stipulate in writing to the Circuit Court the expense items incurred by the county in apprehending Elizabeth Brown together with unpaid court costs.
This case was considered by a conference of the Judges en banc.
CERTIFIED TO THE CIRCUIT COURT FOR PROCEEDINGS CONSISTENT WITH THIS OPINION.